**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Danny CARMONA–LOPEZ,**
**Defendant–Appellant.**

No. 14–50226

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Janet Cabral, Helen H. Hong, Assistant U.S. Attorneys, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Carson Porter Baucher, Vincent James Brunkow, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Robert Danny Carmona–Lopez appeals from the district court's judgment and challenges the 70–month sentence imposed following his guilty-plea conviction for possession of heroin and methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carmona–Lopez contends that because the government did not prove, nor did he admit, that he knowingly or intentionally possessed a schedule I or II controlled substance, the district court erred in imposing a sentence greater than one year. Carmona–Lopez's argument is foreclosed by our decision in *United States v. Jefferson*, 791 F.3d 1013 (9th Cir. 2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 1473, 194 L.Ed.2d 568 (2016). There, we held that a defendant's knowledge of drug type is not an element of the offense that the government must prove for a mandatory minimum sentence to apply. *See id.* at 1016, 1019. While *Jefferson* involved the importation statute, 21 U.S.C. § 960, the reasoning of that case is applicable here because Section 841 is "structurally identical" to section 960. *See Jefferson*, 791 F.3d at 1017 n.4. Moreover, *Jefferson* affirmed long-standing precedent holding that, under both statutes, knowledge of drug type is not an element of the offense. *See, e.g., United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002). Under *Jefferson*, the government was not required to prove that Carmona–Lopez knew what type of drug he possessed in order to trigger the 20–

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

year statutory maximum under 21 U.S.C. § 841(b)(1)(C).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.